**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ISAI GIULIANI RIVAS-TORRES,**<br><br>***Petitioner*****,**<br>**v.**<br><br><br>**MARKWAYNE MULLIN,**<br>*in his official capacity as Secretary of the Department of Homeland Security*;<br>**TODD BLANCHE,**<br>*in his official capacity as Attorney General of the United States*;<br>**DAVID VENTURELLA,**<br>*in his official capacity as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*;<br>**MARY DE ANDA-YBARRA,**<br>*in her official capacity as Field Office Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations*; **and**<br>**JOHN DOE,**<br>*in his official capacity as Warden of the ERO El Paso Camp East Montana Facility*,<br><br>***Respondents*****.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-00530-DCG** |

**ORDER**

Petitioner Isai Giuliani Rivas-Torres challenges the legality of his ongoing detention by immigration authorities.[1] Although Petitioner raises an assortment of claims based on a variety of legal provisions and doctrines,[2] at least one of his claims rests on the theory that his

---

[1] Pet., ECF No. 1.

[2] *See id.* at 24–40.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

"continued detention without any individualized custody determination[] violates the Due Process Clause of the Fifth Amendment."[3]

While this case was pending, the Fifth Circuit released its *en banc* opinion in *Sosnava Rodriguez v. Vergara*, which holds that immigration detainees who are not yet subject to a final order of removal have no due process right to a bond hearing.[4] Although *Sosnava Rodriguez* limits the availability of due-process-based relief for pre-final-removal-order detainees, the opinion suggests that a due process claim might remain viable in the following circumstances:

> (1) when the Government "continues to detain an alien after it becomes clear that removal is only a remote possibility," such that "detention no longer serve[s] its immigration purpose;"[5]
>
> (2) when the Government "delay[s] removal merely as a means of punishment;"[6]
>
> (3) when the Government initiates and pursues removal proceedings "as a façade to incarcerate [the petitioner] for . . . reasons" other than enforcing the nation's immigration laws;[7] or

---

[3] *Id.* at 30.

[4] *See generally* --- F.4th ----, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc).

[5] *Id.* at *13; *see also id.* ("[S]o long as removal remains a viable prospect, continued detention, or renewed detention in the case of an alien previously released, does not violate due process."); *id.* (favorably citing a case suggesting that the Government may detain an alien without a final removal order "for over a year" so long as "deportation remain[s] a possibility" (citation modified)); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting that immigration detention must "bear[] a reasonable relation to the purpose for which the individual was committed" (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)) (citation modified)).

[6] *Sosnava Rodriguez*, 2026 WL 3181188, at *13 (citing *Wong Wing v. United States*, 163 U.S. 228, 235, 237 (1896)).

[7] *Id.*; *see also Demore v. Kim*, 538 U.S. 510, 532–33 (2003) (Kennedy, J., concurring) ("Were there to be an unreasonable delay by the [Government] in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons.").

(4) when the Government hasn't given the alien an opportunity to present "factual questions relevant to whether" the alien is "clearly and beyond a doubt entitled to be admitted" (which would permit the alien to avoid mandatory detention under 8 U.S.C. § 1225(b)(2)(A)).[8]

In light of that new analytical framework, the Court **ORDERS** the Government to **FILE** a document answering the following questions by **November 20, 2026**:

(1) Is Petitioner still in the Government's custody? If not, attach documentation substantiating that the Government removed or released Petitioner (or otherwise no longer has Petitioner in its custody) so that the Court can assess whether this case is moot.

(2) Has an Immigration Judge issued a removal order against Petitioner? If so:

(a) is that removal order final; and

(b) when did it become final?[9]

(3) Assuming that Petitioner is not yet subject to a final order of removal, how long has Petitioner been in detention?

(4) Is removal still a viable prospect in this case? Explain why (or why not).[10]

---

[8] *Sosnava Rodriguez*, 2026 WL 3181188, at *14; *see also* 8 U.S.C. § 1225(b)(2)(A) (providing (with certain exceptions) that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings); *Sosnava Rodriguez*, 2026 WL 3181188, at *7 (emphasizing that the petitioners in *Sosnava Rodriguez* did "not assert that the process they received was insufficient to prove that they [were] 'entitled to be admitted'" so as to avoid mandatory detention under § 1225(b)(2)(A)).

[9] If the Government has issued a final removal order, a different legal framework would apply. *See generally Zadvydas*, 533 U.S. 678 (articulating time limits on *post*-removal-order detention); *see also Sosnava Rodriguez*, 2026 WL 3181188, at *12 (distinguishing *Zadvydas* on the ground that it involved "post-removal order detention" rather than "detention *pending* removal").

[10] *See supra* note 5 and accompanying text.

(5) If Petitioner is not yet subject to a final order of removal, explain:

(a) the current status of Petitioner's Immigration Court proceedings; and

(b) the reason(s) for any past or anticipated future delays in those proceedings (including, if applicable, any delays in appellate proceedings before the Board of Immigration Appeals).

(6) Is the Government detaining and pursuing removal proceedings against Petitioner for a bona-fide immigration purpose (as opposed to a punitive or pretextual purpose)?[11]

(7) Because the petitioners in *Sosnava Rodriguez* had "never been admitted to the United States," the Fifth Circuit concluded that "due process d[id] not entitle them to additional proceedings beyond what Congress has provided before they [could] be detained pending removal."[12]

The Fifth Circuit suggested, however, that if the petitioners in *Sosnava Rodriguez had* been lawfully admitted to the United States, that could potentially affect the constitutional interests at stake.[13]

---

[11] *See supra* notes 6–7 and accompanying text.

[12] *Sosnava Rodriguez*, 2026 WL 3181188, at *5.

[13] *See id.* at *12 ("[The Supreme] Court in *Zadvydas* gave weight to the fact that the petitioners there were *admitted* to the United States but subsequently ordered removed. In observing that indefinite detention of such aliens would raise constitutional concerns, it distinguished aliens who had not gained initial admission to this country, noting that such circumstances would present a very different question. As such, the constitutional concerns addressed in *Zadvydas* differ markedly from those presented here, given that § 1225(b)(2)(A) applies to applicants for admission who have *not* been admitted to the United States." (citation modified)).

Unlike the petitioners in *Sosnava Rodriguez*,[14] Petitioner here claims that he "was *lawfully admitted* to the United States on October 9, 2007" but was subsequently "placed into full removal proceedings."[15]

(a) Is that factually accurate?[16]

(b) If so, does that affect which provision of the Immigration and Nationality Act might authorize the Government to detain Petitioner?[17]

(c) If it's true that Petitioner was initially lawfully admitted to the United States, does that in any way affect *Sosnava Rodriguez*'s potential applicability to this case?

(8) As noted, only one of Petitioner's claims is based on the Due Process Clause.[18] Does *Sosnava Rodriguez* have any bearing on Petitioner's other claims?

Petitioner **MAY** respond to the Government's filing by **December 4, 2026**. Besides addressing the points in the Government's filing (including any factual allegations in that filing that Petitioner disputes), Petitioner may address any other arguments or grounds for relief that Petitioner believes are available under existing law.

---

[14] *See id.* at *1, *4 (noting that the petitioners in *Sosnava Rodriguez* entered the United States "without inspection or admission," and therefore did "not dispute that they [were] 'applicants for admission'" subject to detention under 8 U.S.C. § 1225(b)(2)(A)).

[15] Pet. at 2 (emphasis added).

[16] *See* Notice Appear, ECF No. 1-1, at 2 (contradictorily stating both that Petitioner was "*not* . . . admitted" to the United States and that Petitioner "*w[as]* admitted to the United States . . . with authorization to remain in the United States for a temporary period" (emphasis added)).

[17] *See* 8 U.S.C. § 1225(b)(2)(A) (mandating detention of "*applicants for* admission" (emphasis added)).

[18] *See* Pet. at 24–40; *see also supra* note 2 and accompanying text.

The Court respectfully **REMINDS** the parties of their obligation to promptly inform the Court if any of the intervening developments listed in the undersigned Judge's "Standing Order to Provide Status Updates in Immigration Habeas Cases" occur while this case is pending.[19]

Finally, the Court **SUBSTITUTES** the named Respondents in this case as follows:

(1) substitute Current DHS Secretary Markwayne Mullin for Former Secretary Kristi Noem;

(2) substitute Attorney General Todd Blanche for Former Attorney General Pamela Bondi; and

(3) substitute David Venturella, as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement, for Former Acting Director Todd Lyons.[20]

**So ORDERED and SIGNED this 4th day of November 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[19] *See* Standing Order, ECF No. 6, at 2.

[20] *Compare* Pet., ECF No. 1, at 10 (indicating that Petitioner was suing each of those Respondents in their official capacities), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").