**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ISAI GIULIANI RIVAS-TORRES,**<br><br>***Petitioner*,**<br>**v.**<br><br><br>**MARKWAYNE MULLIN,**<br>*in his official capacity as Secretary of the Department of Homeland Security*;<br>**TODD BLANCHE,**<br>*in his official capacity as Attorney General of the United States*;<br>**DAVID VENTURELLA,**<br>*in his official capacity as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*;<br>**MARY DE ANDA-YBARRA,**<br>*in her official capacity as Field Office Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations*; **and**<br>**JOHN DOE,**<br>*in his official capacity as Warden of the ERO El Paso Camp East Montana Facility*,<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-00530-DCG** |

**<u>ORDER DISMISSING CASE WITHOUT PREJUDICE AS MOOT</u>**

Petitioner Isai Giuliani Rivas-Torres has notified the Court that the Government has released him on bond.[1] Petitioner thus asks the Court to close the case.[2]

---

[1] Status Report, ECF No. 8, at 2.

[2] *Id.*

Accordingly, the Court **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[3]

The Court **VACATES** its November 4, 2026 "Order" (ECF No. 7) **IN PART** to the extent it requires the parties to file documents analyzing certain issues by specified deadlines.

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 4th day of November 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[3] *See, e.g.*, *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting (with exceptions that don't appear to apply here) that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

*See also, e.g.*, *Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").